# WILLIAM C. WILSON

*v.*

# WILLIAM B. LYON.

1. DECREE—*in rem—enforcing vendor's lien against a second purchaser.*
When it is sought to enforce a vendor's lien against the grantee of the pur-
chaser, on the ground he had notice that the purchase money was not paid,
the decree should be *in rem*, not *in personam.*

2. COSTS—*on rehearing.*  A decree being affirmed in this court, the
appellant asked a rehearing, among other reasons, because the decree below
was *in personam* when it should have been *in rem*, that point not having
been presented on the original argument:   *Held*, that as the appellant
was in fault in not distinctly presenting the question upon the argument,
and the appellee was also in fault in not having a proper formal decree
entered, an equitable disposition of the costs should be made; so each party
was directed to pay his own costs in that proceeding.

APPEAL from the Circuit Court of Woodford county.

This cause was argued, originally, at the September term,
1869, of this court, when the decree of the court below was
affirmed.   The case is reported in this volume, page 166.   At
the September term, 1870, the appellant applied for a rehear-
ing, which was allowed, and thereupon the following addi-
tional opinion was delivered :

Per CURIAM:   A rehearing was allowed in this case, not on
the merits, as we are of opinion they are with the appellee,
but on a point not directly raised by appellant or discussed
when the cause was argued, and that is, that the decree was *in
personam*, when it should have been *in rem.*

This error is sufficient to reverse the decree, and it must
be reversed.   Had the attention of the court been called to
this on the argument of the cause, there would have been no
occasion for this rehearing.   It was appellant's fault the point
was not distinctly made.   But appellee was also in fault in

not having a proper formal decree entered. Under these circumstances, it is but just some equitable disposition of the costs should be made. We are of opinion that, for the error allowed, the decree of the circuit court must be reversed and the cause remanded, with directions to the circuit court to enter a decree finding the amount due the complainant, as in the original decree, to be ascertained by calculating the interest on the judgment against John M. Wilson on the notes to the time of entering the final decree, and then decree, if the amount so found due be not paid within the time to be fixed by the decree, that then the property be sold to satisfy the same, by the master in chancery, at such time and on such terms as the said court shall prescribe, reserving, however, the right of redemption.

The other point made by appellant, that the decree is for too much, is untenable. It is less than appellee was entitled to recover. Each party will pay his own costs of this proceeding.

*Decree reversed.*